offered why it was not was because he was, and for several days had been, in the city of Boston, Mass. He was the plaintiff's agent, and therefore, presumptively at least, under his control. The court can take judicial notice of the distance between New York and Boston, and that a person can get from one city to the other in a very few hours. Williams v. Brown, 53 App. Div. 486, 65 N. Y. Supp. 1049. If the plaintiff had desired, he could have produced the affidavit of his agent, either by requiring him to come into the state of New York or by making an affidavit in the state of Massachusetts. No reason is suggested for the agent's absence in Boston, nor is there any statement of any effort to procure his affidavit. The mere absence of the agent in Boston does not explain the absence of his affidavit, especially where upwards of $50,000 is to be seized in this summary way. For these reasons I think the motion to vacate should have been granted.

HOUGHTON, J., concurs.

In re EGAN. (Supreme Court, Appellate Division, Second Department. March 22, 1906.) In the matter of the judicial settlement of the account of proceedings of K. Francis X. Egan as executor and trustee under the last will and testament of Kieran Egan, deceased. No opinion. Decree of the Surrogate's Court of Kings county affirmed, with costs.

EHDE, Appellant, v. GOLDE, Respondent. (Supreme Court, Appellate Division, Fourth Department. March 21, 1906.) Action by Henry Ehde against Cornelius G. Golde. No opinion. Judgment and order affirmed, with costs.

ELLIOTT, Respondent, v. WINTERSTEIN, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 28, 1906.) Action by Frank Elliott against George Winterstein.

PER CURIAM. Order modified, by striking out that part which imposes costs upon the defendant as a condition of permitting him to serve a supplemental answer, and inserting in lieu thereof, and as a condition of serving such answer, the payment of all costs after service of notice of trial herein, such answer to be served and said costs paid within 10 days after service of a copy of this order and notice of entry hereof, and by permitting the plaintiff to discontinue his action, without costs, if so advised by counsel, within 10 days after service of such supplemental answer and the payment of said costs, and as so modified, said order is affirmed, without costs of this appeal to either party.

WILLIAMS, J., dissents.

EPPENS, SMITH & WIEMANN CO., Respondent, v. HARTFORD FIRE INS. CO., Appellant. (Supreme Court, Appellate Division, First Department. March 23, 1906.) Action by the Eppens, Smith & Wiemann Company against the Hartford Fire Insurance Company. R. Rubenstein, for appellant. W. Ellison, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

FAY, Respondent, v. MOOSE RIVER LUMBER CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. March 1906.) Action by Charles Fay, by guardia etc., against the Moose River Lumber Co pany. No opinion. Motion for leave to appe to the Court of Appeals denied, with $10 cos

FERGUSON, Respondent, v. W. & SLOANE, Appellants. (Supreme Court, A pellate Division, Second Department. March 1906.) Action by Robert B. Ferguson again W. & J. Sloane. No opinion. Judgment a firmed, with costs.

FIESEL, Appellant, v. NEW YORK & ( C. RY. CO., Respondent. (Supreme Court, A pellate Division, Second Department. Marc 2, 1906.) Action by August Fiesel against th New York & Queens County Railway Compan

PER CURIAM. Judgment of the Municip Court affirmed, with costs.

HOOKER, J., dissents.

In re FITCH. (Supreme Court, Appella Division, Fourth Department. January 1 1906.) In the matter of final accounting ( Francis N. Fitch, as executor, etc. No opinio Order affirmed, with $10 costs and disburse ments against the appellant personally.

FRANKLIN, Appellant, v. NEW YOR HERALD CO., Respondent. (Supreme Cour Appellate Division, Second Department. Marc 2, 1906.) Action by Henry L. Franklin again the New York Herald Company. No opinio Order modified, by inserting a provision r quiring the defendant to pay the costs and di bursements of the action to the date of the o der, including the costs of the trial already ha and, as modified, affirmed, without costs o this appeal.

FREEDMAN, Respondent, v. KRAMER Appellant. (Supreme Court, Appellate Term February 27, 1906.) Appeal from Municipa Court, Borough of Manhattan, Fifth District Action by Benjamin Freedman against Michae Kramer. From a judgment for plaintiff, de fendant appeals. Modified. Jacob Rieger, fo appellant. Charles Tolleris, for respondent.

PER CURIAM. The plaintiff owed defend ant $30 for the June rent, and the fact of the fire did not cancel this indebtedness. The evi dence that the premises were rendered "uninhab itable and wholly unfair for occupancy" wa slight, but we do not feel called upon to overrul the decision of the trial justice on this point The judgment must be modified, by deductin the $30 owed by plaintiff to defendant, and, a modified, affirmed, without costs.